1  ANDREW M. SPURCHISE, Bar No. 245998
   aspurchise@littler.com
2  LITTLER MENDELSON, P.C.
   900 Third Avenue
3  New York, NY 10022.3298
   Telephone:  212.583.9600
4  Fax No.:     212.832.2719

5  ANTHONY G. LY, Bar No. 228883
   aly@littler.com
6  LITTLER MENDELSON, P.C.
   2049 Century Park East
7  5th Floor
   Los Angeles, CA 90067.3107
8  Telephone:  310.553.0308
   Facsimile:   310.553.5583

9
   LISA LIN GARCIA, Bar No. 260582
10 llgarcia@littler.com
   GARRICK Y. CHAN, Bar No. 315739
11 gchan@littler.com
   LITTLER MENDELSON, P.C.
12 333 Bush Street
   34th Floor
13 San Francisco, CA 94104
   Telephone:  415.433.1940
14 Fax No.:     415.399.8490

15 Attorneys for Defendant
   HOMEAGLOW INC.

16

17           UNITED STATES DISTRICT COURT

18          SOUTHERN DISTRICT OF CALIFORNIA

19

20 MARIE HOVIS, an individual;            Case No.  '23CV0045 JM   WVG
   GENARO MENDOZA, an individual, on
21 behalf of themselves and all others    **DEFENDANT HOMEAGLOW**
   similarly situated,                    **INC.'S NOTICE OF REMOVAL**
22                                         **OF CIVIL ACTION TO**
                  Plaintiffs,              **FEDERAL COURT PURSUANT**
23                                         **TO 28 U.S.C. §§ 1332, 1441, AND**
          v.                               **1446**
24
   HOMEAGLOW, INC., a Delaware            Complaint Filed: December 5, 2022
25 corporation and DOES 1 through 100,
   inclusive,                             (San Diego Superior Court Case No.
26                                         37-2022-00048618-CU-OE-CTL)
                  Defendants.
27

28

LITTLER MENDELSON,
      P.C.
  333 Bush Street
    34th Floor
San Francisco, CA 94104
   415.433.1940

Case No.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

I.    STATEMENT OF JURISDICTION ...................................................................1

II.   VENUE ...........................................................................................................2

III.  PROCEDURAL HISTORY .............................................................................2

IV.   TIMELINESS OF REMOVAL........................................................................4

V.    CAFA JURISDICTION ...................................................................................4

VI.   NOTICE TO STATE COURT AND PLAINTIFFS' COUNSEL...................20

VII.  CONCLUSION ..............................................................................................20

LITTLER MENDELSON,
P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1 **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**
2 **SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND**
3 **THEIR ATTORNEY(S) OF RECORD:**

4       Defendant HOMEAGLOW INC. ("Defendant" or "Homeaglow" or the
5 "Company") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and
6 1446.

7 **I.     STATEMENT OF JURISDICTION**

8       1.    This Court has original jurisdiction over this action pursuant to the Class
9 Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts
10 with original jurisdiction of any civil action: (a) that is a class action with a putative
11 class of more than a hundred members; (b) in which any member of a class of
12 plaintiffs is a citizen of a state different from any defendant; and (c) in which the
13 matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest
14 and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in
15 accordance with United States Code, title 28, section 1446.

16       2.    Defendant denies the validity and merit of the entirety of Plaintiffs'
17 alleged claims, the legal theories upon which they are ostensibly based, and the
18 alleged claims for monetary and other relief that flow therefrom, including but not
19 limited to, Plaintiffs' allegation that they are misclassified as independent contractors
20 and Plaintiffs' contention that the alleged claims are appropriate for class treatment.
21 Defendant reserves all defenses to Plaintiffs' claims. Further, Plaintiffs are each
22 bound by an arbitration agreement requiring them to arbitrate their claims against
23 Defendant on an individual basis. Defendant expressly reserves the right to move to
24 compel arbitration of Plaintiffs' claims, and the claims of any and all putative class
25 members, on an individual basis. For purposes of removal only, however, and
26 without conceding that Plaintiffs or the putative class are entitled to any damages or
27 penalties whatsoever and/or that Plaintiffs can litigate their claims in this forum, this
28 case meets all of CAFA's requirements for removal and is timely and properly

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1        Case No.
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

removed by the filing of this Notice. Specifically, Plaintiffs Marie Hovis and Genaro Mendoza's ("Plaintiffs") Class Action Complaint ("Complaint") alleges damages in an amount in controversy well over $5,000,000. A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Lisa Lin Garcia in Support of Defendant's Notice of Removal ("Garcia Decl."), filed concurrently herewith.

## II.   VENUE

3.   This action was filed in the Superior Court of California for the County of San Diego. Venue properly lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. sections 84(d), 1391, 1441, and 1446. Plaintiffs are California residents. (Complaint ["Compl."], ¶ 1; Declaration of Xiao Wei Chen in Support of Defendant's Notice of Removal ["Chen Decl."] ¶ 7.)

## III.   PROCEDURAL HISTORY

4.   On December 5, 2022, Plaintiffs filed an unverified Class Action Complaint in the Superior Court of the State of California in and for the County of San Diego (Case No. 37-2022-00048618-CU-OE-CTL). The Complaint asserts the following causes of action on behalf of Plaintiffs and the putative class against Defendant: (1) Failure to Reimburse Expenses [Lab. Code, § 2802]; (2) Failure to Provide Accurate Wage Statements [Lab. Code, § 226]; (3) Failure to Pay Overtime [Lab. Code, § 510]; (4) Failure to Provide Meal Periods [Lab. Code, § 226.7]; (5) Failure to Provide Rest Breaks [Lab. Code, § 226.7]; (6) Failure to Pay Contractual Wages [Lab. Code, § 223]; (7) Coerced Patronage [Lab. Code, § 450]; (8) Unlawful Deduction from Wages, in the Alternative [Lab. Code, § 221]; (9) Breach of Contract, in the Alternative; and (10) Unfair Business Practices [Bus. & Prof. Code, §·17200 et. seq.] (Garcia Decl., ¶ 4, Ex. A.)

5.   On December 5, 2022, the Court filed a Notice of Case Assignment and Notice of Hearing scheduling a case management conference for June 2, 2023. (Garcia Decl., ¶ 5, Ex. C.)

LITTLER MENDELSON,
P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2                                    Case No.
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

6. On December 12, 2022, Defendant was served with the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference and additional court paperwork. (Chen Decl., ¶ 2, Ex. A.)

7. On December 19, 2022, Plaintiffs filed a Proof of Service pertaining to the Summons and Complaint. (Garcia Decl., ¶ 6, Ex. D.)

8. On January 6, 2023, Defendant filed its Answer to Plaintiffs' Complaint. (Garcia Decl., ¶ 7, Ex. E.)

9. On January 6, 2023, Defendant filed its Motion for Peremptory Disqualification and a supporting declaration in support of its Motion. (Garcia Decl., ¶ 8, Ex. F.)

10. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the San Diego County Superior Court or served by any party other than as described above. (Garcia Decl., ¶¶ 9, 10.)

11. In addition to naming Defendant, the Complaint names Does 1 through 100, inclusive, as defendants. (Compl., ¶ 10.) Plaintiffs have not amended the Complaint to specifically name Doe defendants 1 through 100, nor have they filed or served any documents identifying the Doe defendants or giving notice that the Doe defendants have been served. (Garcia Decl., ¶ 11.)

12. Since the Doe defendants have not been identified, let alone been served with the Summons and the Complaint, they are not required to join or consent to Defendant's Notice of Removal. Named defendants that have not yet been served in state court action need not join a notice of removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988) (citing *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir.1986); *Tri–Cities Newspapers, Inc. v. Tri–Cities P.P. & A Local 349*, 427 F.2d 325, 326–27 (5th Cir.1970); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921)).

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

3

Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## IV.   TIMELINESS OF REMOVAL

13.   This Notice of Removal is timely. Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal "within [thirty] days from the date after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

14.   Defendant was served with a copy of the Summons and Complaint on December 12, 2022. (Chen Decl., ¶ 2.) As such, this Notice of Removal is timely because it was filed within 30 days of service of the initial pleadings. 28 U.S.C. § 1446(b).

## V.   CAFA JURISDICTION

15.   CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

### A.   Plaintiffs Filed a Class Action Under State Law.

16.   Plaintiffs filed their action as a class action based on alleged violations of California state law. (Compl., ¶¶ 4, 26-98.)

17.   Plaintiffs claim they and class members were improperly classified as independent contractors and should have been classified as non-exempt, hourly employees. (Compl., ¶¶ 2-3, 16-23.)

LITTLER MENDELSON,
P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

4                                                                   Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**B.     The Putative Class Contains More Than 100 Members.**

18.     Title 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

19.     Plaintiffs bring this putative class action on behalf of themselves and "[a]ll individuals during the Class Period who personally performed cleaning services for Homeaglow, i.e., a "Cleaner," in California and who were not classified as employees (the "Class")." (Compl., ¶ 28a.) The "Class Period" is defined by Plaintiffs as "from four years preceding the date that the first Complaint in this action is filed, until the full resolution of this action, plus any time that may be attributed to equitable or other forms of tolling." (Compl., ¶ 27.)

20.     While Defendant denies that Plaintiffs' claims may be tried on a class-wide basis, for purposes of removal only and based on Plaintiffs' allegations, a review of Defendant's records from December 5, 2018 to January 5, 2023 reveals that approximately 5,715 individuals contracted with Defendant to use its platform/app ("Platform") to provide services to third parties (*i.e.*, Defendant's alleged "clients") as independent contractors in California. (Chen Decl., ¶ 12.) Accordingly, Defendant's records establish there are well over 100 putative class members as alleged by Plaintiffs in this case.

**C.     Defendant Is Not A Governmental Entity**

21.     Under 28 U.S.C. § 1332(d)(5)(B), the CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

22.     Defendant is a private business entity, not a state, state official, or other government entity exempt from the CAFA. (Chen Decl., ¶¶ 4, 5.)

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

5
Case No.
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**D.     The Requisite Diversity of Citizenship Exists.**

23.     Under 28 U.S.C. section 1332(d)(2), diversity is shown for purposes of a removal where "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" *See* 28 U.S.C. § 1332(d)(2)(A), (B).

24.     Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

25.     <u>Plaintiffs are Citizens of California</u>. Plaintiffs state in the Complaint that Ms. Hovis and Mr. Mendoza each were and are "at all relevant times a resident of California." (Compl., ¶¶ 7-8). Moreover, according to Defendant's records, Plaintiffs use a California address as their location of residence. (Chen Decl., ¶ 7.) Defendant is therefore informed and believes that Plaintiffs are currently residents and citizens of California. Defendant has thus established by a preponderance of the evidence that Plaintiffs are domiciled in California, and are, thus, citizens of California. *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile"); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

26.     There are members of Plaintiffs' alleged class[1] who are also citizens of California. As of December 5, 2022, several alleged putative class members, independent contractors providing house cleaning services using Defendant's

---

[1] The Class is defined as "All individuals during the Class Period who personally performed cleaning services for Homeaglow, i.e., a "Cleaner," in California and who were not classified as employees." (Compl., ¶ 28a.) As stated above, Defendant denies Plaintiffs' allegation that the alleged claims are appropriate for class treatment or that Plaintiffs or any putative class members were or are misclassified as independent contractors.

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

6

Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Platform, reside in California. 28 USC 1332(d)(2)(A); 28 U.S.C. §1332(d)(7). (Chen Decl., ¶ 9.) Moreover, the alleged putative class of independent contractors performed work for alleged clients of Defendant in California. (*Id*., ¶¶ 9, 12; Compl., ¶ 28a.)

27.     Defendant is not a Citizen of California. For purposes of 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State [] by which it has been incorporated and of the State [] where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant was incorporated and organized under the laws of the State of Delaware in 2015 and it has since remained a Delaware-incorporated corporation at all times. (Chen Decl., ¶ 5; Compl., ¶ 9.) Thus, Defendant is a citizen of Delaware.

28.     Defendant's principal place of business is in Austin, Texas. (Chen Decl., ¶ 5; Compl., ¶ 9.) To determine a corporation's principal place of business, courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). The principal place of business is "where the corporation maintains its headquarters." *Id.* at 92–93. Here, Defendant's principal place of business has been in Austin, Texas, which is where its corporate headquarters are located, where its corporate officers work, and where its corporate officers direct, control and coordinate activities for Homeaglow. (Chen Decl., ¶ 5.) Therefore, Defendant is also citizen of Texas. (*Id*.)

29.     Defendants Does 1 through 100 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegations against any fictitious defendants. Pursuant to 28 U.S.C. section 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

7                                    Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

30.     Diversity of citizenship under CAFA therefore exists because at least one member of the proposed class is a citizen of a state (*i.e.*, California) different from Defendant (Texas and Delaware). 28 U.S.C. § 1332(d)(2)(A). *Sabatino v. HMO Mo., Inc. (In re Anthem, Inc. Data Breach Litig.)*, 129 F. Supp. 3d 887, 893 (N.D. Cal. 2015) ("CAFA's 'minimal diversity' requirement means that 'a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'") (citing *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 740, 187 L. Ed. 2d 654 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)).

**E.     The Amount in Controversy Exceeds $5,000,000.[2]**

31.     This Court has jurisdiction under the CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

32.     The removal statute requires that a defendant seeking to remove a case to federal court file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." The defendant's "amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 87-88.

---

[2] The alleged damages calculations contained herein are for purposes of removal only. Defendant denies that Plaintiffs and the putative class are entitled to any relief whatsoever, and expressly reserves the right to challenge Plaintiffs' and putative class members' alleged damages in this case.

LITTLER MENDELSON,
P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

33.   Defendant denies the validity and merit of the entirety of Plaintiffs' alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiffs or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establish, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdictional minimum of $5,000,000. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (the "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [D]efendant's liability"); *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013) (a defendant "may remove when it discovers, based on its own investigation, that a case is removable.").

34.   For purposes of determining whether a defendant has satisfied the amount in controversy requirement, the Court must presume that the Plaintiffs will prevail on their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability."). The ultimate inquiry on removal is what amount is put "in controversy" by plaintiff's complaint, not what defendant might actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

35.   Here, Plaintiffs do not allege the amount in controversy in the Complaint.

36.   Defendant is a digital application-based company that facilitates "on-demand" home cleaning services provided to third parties. (Compl., ¶ 1; Chen Decl.,

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

¶ 4.) Individuals who perform cleaning jobs for third parties sign up to be independent contractor cleaners through Defendant's Platform. (Chen Decl., ¶ 4.)

37.     Plaintiffs allege as a result of this alleged unlawful misclassification, Defendant fails to comply with California wage and hour laws. (Compl., ¶ 25.)

38.     Plaintiffs allege Defendant "strictly controls and regulates its Cleaners" and "Cleaners must follow the terms of Homeaglow's onerous Contracting Agreement ('Agreement'), along with other written instructions from Homeaglow." (Compl., ¶ 17.) Plaintiffs further allege Defendant "exerts control and direction on Cleaners in connection with the performance of their cleaning services, both in contract and in fact." (*Id*.)

39.     Defendant classifies all cleaners using its Platform as independent contractors. (Chen Decl., ¶ 8.) Independent contractor cleaners set their own per hour rate and availability through the Platform. (*Id.*, ¶ 13.)

40.     Plaintiffs allege Defendant "fails to provide Cleaners overtime pay, fails to make meal and rest breaks available to Cleaners, fails to pay Cleaners separately for rest periods even if taken, fails to provide Cleaners compliant wage statements in violation of California law, fails to pay Cleaners their contractual wages, and coerces Cleaners' patronage." (Compl., ¶ 25.)

41.     Based on Plaintiffs' definition of the class, which Defendant disputes is proper, from December 5, 2018 to January 5, 2023, approximately 5,715 independent contractor cleaners in California performed jobs for third parties using the Homeaglow Platform. (Chen Decl., ¶ 12.)

42.     Based upon the available data and information, the time period Plaintiffs have placed at issue, and the number of alleged independent contractor cleaners at issue, Plaintiffs have placed approximately 129,910 cleaning jobs, performed on approximately 113,088 aggregated days, in controversy. (Chen Decl., ¶ 12.)

LITTLER MENDELSON,
P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

10                                    Case No.
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

43.     The average earnings rate per hour over the entire alleged class period for the purported class members Plaintiffs seek to represent is approximately $23.28. (Chen Decl., ¶ 14.)

44.     Alleged putative class members report through the Homeaglow Platform the amount of time they spend cleaning for each cleaning job in the Platform in order for the third parties to be billed for the service. The amount of time cleaners spent cleaning per day varied significantly, but the average was approximately 3.94 hours per day[3] for the period from December 5, 2018 to January 5, 2023. (Chen Decl., ¶ 13.)

45.     During the time period from December 5, 2018 and January 5, 2023, independent contractor cleaners were regularly paid on a weekly basis. (Chen Decl., ¶ 11.)

46.     Plaintiffs' allegations combined with the conservative calculations set forth below establish that the amount in controversy for (1) failure to reimburse for expenditures; (2) failure to provide accurate itemized wages statements; (3) overtime; (4) meal period violations; (5) rest period violations; (6) failure to pay contractual wages; and (7) attorneys' fees is at least approximately **$7,744,173.99**.

### Amount in Controversy – Failure to Reimburse Expenses

47.     Plaintiffs' First Cause of Action alleges that "Plaintiffs and the Class incurred business expenses while performing work for Defendant" and Plaintiffs "were never reimbursed because they were uniformly misclassified as independent contractors." (Compl., ¶ 38.) Plaintiffs assert "[t]hese expenses include automobile-related expenses such as fuel, permits, insurance, maintenance, and repairs" and Defendant also did not reimburse for "cell phone and related data expenses despite requiring them to use a cell phone in the course of completing their work." (*Id.* at ¶ 37.)

---

[3] Defendant does not concede that the time reported by the alleged putative class members is accurate and is relying on the information for purposes of removal only based on Plaintiffs' allegations and legal theories.

LITTLER MENDELSON,
P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

11                                   Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

48.    Plaintiffs do not limit this claim in any fashion, for instance, by specifying the amount of such expenses or the frequency with which putative class members allegedly incurred them. While Defendant denies the validity and merit of Plaintiffs' reimbursement claim, for purposes of removal only, based on Plaintiffs' allegations, Defendant is able to provide a reasonable estimate for this claim for mileage for personal vehicle use and use of one's personal cell phone.

49.    Defendant denies the validity and merit of Plaintiffs' reimbursement claim, disputes that the claim can be resolved on a class-wide basis, and reserves all defenses to the claim. Defendant does not concede any travel time by the alleged putative class is compensable. Defendant also disputes that alleged putative class members, or some of them, incurred any expenses or any reasonable expenses related to travel time or the use of cell phones, and disputes that the IRS mileage rates referred to below are appropriate for estimating or calculating allegedly owed amounts, if any. Further, Defendant disputes that Plaintiffs' reimbursement claim may be tried on a class-wide basis. Based on the distance traveled between the putative class members' homes and third-party homes where cleaning services are performed as reflected in Defendant's records, the average distance traveled for a cleaning job is approximately 13 miles, or approximately 26 miles round trip. For the purposes of removal only, based on Plaintiffs' allegations and the average IRS mileage rates between 2018 and 2022 (on which Plaintiffs are reasonably expected to rely), and that Plaintiffs will assert an average of 26 miles round trip per cleaning, the amount in controversy for the reimbursement claim is approximately **$1,921,888.54**.[4] (Request for Judicial Notice; Garcia Decl., ¶ 13; Chen Decl., ¶ 18.)

50.    While Defendant disputes that Plaintiffs and the alleged putative class were its employees at any time, based on Plaintiffs' allegations, Plaintiffs will assert that employers are expected to reimburse employees "a reasonable percentage" of

---

[4] Even assuming the lowest IRS milage rate in effect since 2018 applies, which is $0.545 per mile, Plaintiffs' reimbursement claim places approximately over approximately $1,840,824.70 in controversy (129,910 cleaning jobs x 26 miles per clean x $0.545 per mile).

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

the employee's cell phone bill if the employee uses a personal cell phone for work purposes. *Cochran v. Schwan's Home Service, Inc.,* 228 Cal. App. 4th 1137, 1114 (2014). Across all 5,715 independent contractor cleaners in California, Defendant's records and data show that there are a total number of approximately 20,298 months worked. (Chen Decl., ¶ 19.) Reasonably assuming that Plaintiffs may argue for a cell phone reimbursement of $15.00 per month, the amount in controversy for the reimbursement of personal cell phone use is approximately **$304,470**.

### Amount in Controversy – Inaccurate Wage Statements

51.     Plaintiffs' Second Cause of Action alleges that Defendant failed to furnish an itemized wage statement showing the required items as set forth in California Labor Code section 226. (Compl., ¶ 45.)

52.     Pursuant to Labor Code section 226(e), any employer who knowingly and intentionally fails to provide an employee with an accurate wage state statement is subject to a civil penalty of $50 for any initial violation and $100 for subsequent violations, up to $4,000 total per employee.

53.     Plaintiffs and the independent contractor cleaners were regularly paid on a weekly basis. (Chen Decl., ¶ 11.) Defendant denies the validity and merit of Plaintiffs' wage statement claim, disputes that the claim can be resolved on a class-wide basis, and reserves all defenses to the claim. However, at this juncture, Plaintiffs' allegations place every "pay period" in controversy for Plaintiffs' wage statement claim. For the purposes of removal only, based on Plaintiffs' allegations, they will assert that approximately 27,015 "pay periods" (*i.e.*, weeks where independent contractor cleaners performed cleaning jobs from December 5, 2021 to January 5, 2023) are in controversy and allegedly subject to the wage statement penalty. (*Id.*, ¶ 17.) Assuming Plaintiffs' alleged penalty in the amount of $50 per pay period per independent contractor cleaner for the initial violation and $100 per pay period per independent contractor cleaner for the subsequent violation (capped

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

13                                    Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

at $4,000 total per independent contractor cleaner), the amount in controversy for this claim is approximately **$2,430,950**. (Chen Decl., ¶ 17.)

### Amount in Controversy – Overtime

54.     Plaintiffs' Third Cause of Action alleges that Defendant failed to pay Plaintiffs and putative class members for overtime. (Compl., ¶ 50.) Plaintiffs allege Cleaners "work well over 8 hours per day and well over 40 hours per week." (Compl., ¶ 50.) Plaintiffs seek to recover unpaid overtime, interest, penalties, expenses and costs of suit pursuant to California Labor Code section 510. (Compl., ¶ 51.) Plaintiffs have not placed any limits on their overtime claim.

55.     The independent contractor cleaners in California performed approximately 129,910 cleanings, performed on approximately 113,088 aggregated days, between December 5, 2018 and January 5, 2023. (Chen Decl., ¶ 12.)

56.     Defendant denies the validity and merit of Plaintiffs' overtime claim, disputes that the claim can be resolved on a class-wide basis, disputes that alleged putative class members, or some of them, performed work that may possibly fall within Plaintiffs' alleged categories of compensable time, and contends that the putative class was properly compensated in accordance with all laws at all times. However, for purposes of removal only, based on Plaintiffs' legal theory and allegations of overtime, Defendant has reasonably assumed that Plaintiffs and the putative class members will argue they were not compensated 30 minutes for traveling to/from jobs and waiting for additional work on any day when a cleaning job was performed between December 5, 2018 and January 5, 2023. To estimate the potential damages for Plaintiffs' overtime claim and assuming cleaners only worked over eight (8) hours on approximately ten percent of aggregated days with at least one cleaning job, one would multiply ten percent by 113,088 days with at least one cleaning job performed by 30 minutes by 1.5 times the average hourly rate of $23.28. Based upon Defendant's information and data, the amount placed in controversy for this claim is approximately **$197,451.65**.

LITTLER MENDELSON,
P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## Amount in Controversy – Meal Period Claim

57.     Plaintiffs' Fourth Cause of Action alleges that Defendant failed to provide all cleaners with required meal periods. (Compl., ¶ 55.) Plaintiffs allege that "Defendant has no meal or rest policies and they do not record when breaks start or stop" and further alleges that Defendant does not "provide for uninterrupted meal periods for Cleaners or make any effort to relieve them of all duties." (*Id*.)

58.     Plaintiffs seek to recover all unpaid wages earned and due, liquidated damages, interest, penalties, expenses and costs of suit pursuant to California Labor Code section 226.7 dating back four years from the filing of the initial Complaint. *See* Cal. Bus. & Prof. Code §§ 17200 *et seq*. (Compl., ¶¶ 52-57, 89.)[5]

59.     California law permits recovery of one additional hour of pay at the employee's "regular rate" of compensation for each workday a meal period was not provided. Cal. Labor Code § 226.7. The statutory period for recovery for a California Labor Code section 226.7 claim pursued with a Business & Professions Code claim is four years. *See* Cal. Civ. Proc. Code § 338(a) (setting out a three-year limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

60.     Defendant denies the validity and merit of Plaintiffs' meal period claim, disputes that the claim can be resolved on a class-wide basis, and reserves all defenses to the claim. However, at this juncture, Plaintiffs have not placed any limits on their meal break claim. As such, based on Plaintiffs' allegations only, they will assert that every day where a putative class member worked more than five hours, a meal period was required and is in controversy. Cal. Labor Code § 512(a). For purposes of removal only, Plaintiffs' allegations place approximately 24,804 aggregated days where cleaners worked more than 5 hours in controversy that trigger a meal period

---

[5] Defendant disputes that Plaintiffs can bring a claim under the California Business and Professions Code because, among other reasons, they have an adequate remedy at law.

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

requirement. (Chen Decl., ¶ 15.) Assuming only a 20 percent violation rate (one-fifth of the 24,804 cleaning days), which places 4,960.8 cleaning days at issue, and assuming a premium of $23.28 as the average regular rate of pay, the amount in controversy on this claim alone would be approximately **$115,487.42**.

### Amount in Controversy – Rest Period Claim

61.     Plaintiffs' Fifth Cause of Action alleges that Defendant failed to provide all cleaners with all required rest periods. (Compl., ¶ 61.)

62.     Plaintiffs seek to recover all unpaid wages earned and due, liquidated damages, interest, penalties, expenses and costs of suit pursuant to California Labor Code section 226.7 dating back four years from the filing of the initial Complaint to December 5, 2018. *See* Cal. Bus. & Prof. Code §§ 17200 *et seq*. (Compl., ¶¶ 61-62, 89.)

63.     California law permits recovery of one additional hour of pay at the employee's "regular rate" of compensation for each workday a rest period was not provided. Cal. Labor Code § 226.7. The statutory period for recovery for a California Labor Code section 226.7 claim pursued with a Business & Professions Code claim is four years. *See* Cal. Civ. Proc. Code § 338(a) (setting out a three-year limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

64.     Defendant denies the validity and merit of Plaintiffs' rest break claim, disputes that the claim can be resolved on a class-wide basis, and reserves all defenses to the claim. However, at this juncture, Plaintiffs have not placed any limits on their rest break claim. As such, based on Plaintiffs' allegations, they will assert that every eligible cleaning shift for every putative class member during the putative class period is in controversy. For purposes of removal only, Plaintiffs' allegations place approximately 56,321 cleaning days during the putative class period where cleaners worked 3.5 hours or longer (and thus trigger a rest period) in controversy. (Chen

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

16                                                           Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Decl., ¶ 16.) Assuming a 20 percent violation rate (11,264.2 cleaning shifts at issue) with an average regular rate of $23.28, the amount in controversy on this claim is approximately **$262,230.58**.

### Amount in Controversy – Failure to Pay Contractual Wages Claim

65.     Plaintiffs' Sixth Cause of Action alleges that Defendant failed to provide all cleaners with all owed contractual wages. (Compl., ¶ 69.)

66.     Plaintiffs seek to recover all unpaid wages earned and due, liquidated damages interest, penalties, expenses and costs of suit pursuant to California Labor Code section 223 dating back four years from the filing of the initial Complaint to December 5, 2018. *See* Cal. Bus. & Prof. Code §§ 17200 *et seq*. (Compl., ¶¶ 69-70, 89.)

67.     Defendant denies the validity and merit of Plaintiffs' failure to pay contractual wages claim, disputes that the claim can be resolved on a class-wide basis, and reserves all defenses to the claim. However, at this juncture, Plaintiffs have not placed any limits on their failure to pay contractual wages claim. As such, based on Plaintiffs' allegations, they will assert that every instance in which Defendant deducted a $5 per hour "advertising fee" from Cleaners' pay for first-time clients was an unlawful deduction. For purposes of removal only, Defendant has applied a $5 per hour "match fee" from independent contractors for first-time client matches in California and the amount in controversy as to this "fee" claim and/or "match fee" claim is approximately **$962,861.00**. (Chen Decl., ¶ 20.)

### Amount in Controversy – Attorneys' Fees

68.     Finally, Plaintiffs seek attorneys' fees and costs in their Complaint, which must also be considered in determining whether the jurisdictional limit is met. (Compl., Prayer for Relief.) Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See*, *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 549 U.S.

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

17

Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

822 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

69.    In California, it is not uncommon for an attorneys' fee award to be twenty-five to thirty-three percent of a settlement or judgement. *See, e.g., McGuigan v. City of San Diego*, 183 Cal.App.4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. Cal.*, 45 Cal.4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157, 1216–18 (2008) (affirming award of $757,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,500 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *c.f.*, *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F.Supp.2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

70.    The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent.") (citation omitted); *Lo v. Oxnard Euro. Motors, LLC*, 2012 US. Dist. LEXIS 73983, *8-9 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees award twenty-five percent of the common fund recovery.").

71.    As explained above, based on Plaintiffs' allegations and the causes of action asserted, Plaintiffs have placed approximately **$6,195,339.19** in controversy. Taking into account attorneys' fees at the benchmark percentage of 25% further increases the amount in controversy. The Court should therefore consider for removal

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

18                                                    Case No.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

purposes attorneys' fees of at least **$1,548,834.80**, for a total amount in controversy of **$7,744,173.99**.

### Summary of Amount in Controversy

72.     Plaintiffs' allegations, which Defendant disputes, combined with the conservative calculations set forth above places approximately **$7,744,173.99** in controversy as summarized below:

| Plaintiffs' Alleged Claim and Presumptions Based on Plaintiffs' Allegations Only (Which Defendant Disputes) | Conservative Estimate of Amount in Controversy Based on Plaintiffs' Allegations (Which Defendant Disputes) |
|---|---|
| Business Reimbursement (26 miles round trip and $15.00/month for cell phone based on allegations) | $2,226,358.54 |
| Wage Statements | $2,430,950.00 |
| Overtime | $197,451.65 |
| Meal Period Premiums (at a 20% noncompliance rate) | $115,487.42 |
| Rest Period Premiums (at a 20% noncompliance rate) | $262,230.58 |
| Failure to Pay Contractual Wages | $962,861.00 |
| Attorneys' Fees (25%) | $1,548,834.80 |
| **Total Amount in Controversy**: | **$7,744,173.99** |

73.     Removal of this action is therefore proper as the aggregate value of Plaintiffs' class causes of action and attorneys' fees, as alleged, is well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2).

74.     Defendant provides the foregoing calculations only to demonstrate that the amount placed in controversy by Plaintiffs' Complaint easily exceeds the amount in controversy requirement of the CAFA. Defendant makes no admission of any liability or damages with respect to any aspect of this case, nor does it endorse or

concede that the proffered methodology for such calculations for purposes of demonstrating that the jurisdictional minimum is met could be used in lieu of individualized inquiries or otherwise.

## VI.   NOTICE TO STATE COURT AND PLAINTIFFS' COUNSEL

75.    Promptly upon the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiffs' counsel of record, Craig M. Nicholas, Esq., Shaun Markley, Esq., and Jordan Belcastro, Esq., Nicholas & Tomasevic, LLP, 225 Broadway, 19th Floor, San Diego, CA 92101. A copy of the Notice of Removal also will be filed with the Clerk of the Court for the Superior Court of the State of California for San Diego County.

## VII.   CONCLUSION

76.    For the reasons set forth above, the Complaint is removable to this Court pursuant to 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal was filed within thirty (30) days of service on any defendant of a paper providing notice that a basis for removal of this action exists. Accordingly, Defendant respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

Dated: January 10, 2023

LITTLER MENDELSON, P.C.


*/s/ Lisa Lin Garcia*
ANDREW M. SPURCHISE
ANTHONY G. LY
LISA LIN GARCIA
GARRICK Y. CHAN

Attorneys for Defendant
HOMEAGLOW INC.

4858-6656-9796.6 / 114736-1007

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

20                                          Case No.
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT