ANDREW M. SPURCHISE, Bar No. 245998
aspurchise@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
Telephone: 212.583.9600
Fax No.: 212.832.2719

ANTHONY G. LY, Bar No. 228883
aly@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

LISA LIN GARCIA, Bar No. 260582
llgarcia@littler.com
GARRICK Y. CHAN, Bar No. 315739
gchan@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
Telephone: 415.433.1940
Fax No.: 415.399.8490

Attorneys for Defendant
HOMEAGLOW INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE HOVIS, an individual; GENARO MENDOZA, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOMEAGLOW, INC., a Delaware corporation and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. '23CV0045 JM   WVG<br><br>**DECLARATION OF XIAO WEI CHEN IN SUPPORT OF DEFENDANT HOMEAGLOW INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Complaint Filed: December 5, 2022<br><br>(San Diego Superior Court Case No. 37-2022-00048618-CU-OE-CTL) |

Case No.

XIAO WEI CHEN DECL. ISO DEFT HOMEAGLOW INC.'S NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

## DECLARATION OF XIAO WEI CHEN

1. I am the Co-founder of Homeaglow Inc. ("Defendant," "Homeaglow," or the "Company") and have been since August 2015. In my role, I have access to, and personal knowledge of, the matters and information set forth in this declaration. All of the information set forth herein is based on my personal and firsthand knowledge or based on information and documents retained by Homeaglow in the regular course of its business operations, and if called and sworn as a witness, I could and would competently testify thereto.

2. Defendant was served with the Complaint in this case on December 12, 2022 through its corporate agent process service of process, Registered Agents Inc. Attached hereto as **Exhibit A** is a true and correct copy of the Summons, Complaint and additional court paperwork served by Plaintiffs on Homeaglow in this action.

3. In my capacity as Co-founder, I am familiar with the corporate structure of Homeaglow, the day-to-day business operations, and have access to the information, data, and reports maintained and generated in the ordinary course of business concerning its operations and its platform/app ("Platform") used by independent contractors to find and connect with third parties requesting cleaning services. I have access, either directly or indirectly, to these business and corporate records and in the ordinary course of business, I periodically refer to them.

4. Defendant is a digital application-based company that facilitates "on-demand" home cleaning services. Individuals who perform cleaning jobs for third parties sign up to be independent contractor cleaners through the Platform.

5. Homeaglow is a corporation, incorporated under the laws of Delaware. Homeaglow was incorporated in Delaware in August 2015, and it has since remained a Delaware-incorporated corporation at all times. Homeaglow's headquarters is in Austin, Texas. Homeaglow has two officers, me and the other co-founder of the company. Both of us are based in Austin, Texas and work at Homeaglow's headquarters. My co-founder and I direct, control, and coordinate Homeaglow's

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2                                           Case No.
XIAO WEI CHEN DECL. ISO DEFT HOMEAGLOW INC.'S NOTICE OF REMOVAL

1  business from its headquarters in Austin, Texas, including decisions regarding corporate-wide issues, operations, policies, legal matters, contracts, purchasing, public affairs, revenue management, advertising, and marketing.

6. As co-Founder, I have access to and am familiar with Homeaglow's business records and data regarding the class members as alleged in Plaintiffs' Complaint in this action, who performed cleaning jobs in the state of California, and I have accessed these records in the ordinary course of business. Homeaglow maintains records of cleaning services performed by independent contractor cleaners using its Platform. Homeglow's business records and data include the names and contact information of all independent contractor cleaners and third parties who signed up through the platform to request cleaning services, the current status of each independent contractor cleaner and their ability to utilize Homeaglow's Platform, all pay received for each cleaning job, the date of each cleaning job, the duration of each cleaning job as reported by each independent contractor cleaner. I am familiar with and have access to this information in the ordinary course of role as Co-founder. These records are maintained in the regular course of Homeaglow's business and are records of regularly-conducted activity.

7. The data and information I have for Plaintiffs indicate that they worked in California and used a California address as their location of residence while performing work for Homeaglow clients.

8. Defendant classifies all cleaners who use Homeaglow's Platform to source cleaning service opportunities from third parties as independent contractors.

9. Based upon my review of the Company records and data, there are members of Plaintiffs' alleged class (*i.e.*, independent contractor cleaners who used Homeaglow's Platform to provide cleaning services to third parties in California) who reside in California. As of December 5, 2022, several independent contractor cleaners providing cleaning services using Homeaglow's Platform have home addresses in California based on the Company's records and data.

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

3                                                Case No.
XIAO WEI CHEN DECL. ISO DEFT HOMEAGLOW INC.'S NOTICE OF REMOVAL

10. Independent contractor cleaners set their own per-hour rate and availability through the Platform. In addition to the hourly rate, they can earn incentive pay in various amounts if they accept cleaning jobs that offer an incentive pay. The incentive pay is a fixed amount for a cleaning job, not per hour.

11. Independent contractor cleaners are generally paid every Monday, *i.e.*, on a weekly basis.

12. Based upon my review of Homeaglow's business records and data, between December 5, 2018 and January 5, 2023, approximately 5,715 individuals performed approximately 129,910 cleaning jobs, performed on approximately 113,088 aggregated days, in the state of California for third parties using the Platform.

13. Independent contractor cleaners report the amount of time they spend cleaning for each cleaning job through the Platform in order for the third parties to be billed for the service. Based upon my review of Homeaglow's business records and data, the amount of time cleaners spent cleaning per day varied, but the average was approximately 3.94 hours per day for the period from December 5, 2018 to January 5, 2023.

14. As mentioned above, independent contractor cleaners set their own per-hour rate for their cleaning services. Based upon my review of the Company records and data, the average amount that the 5,715 cleaners who performed jobs in California for the four-year period preceding the filing of the Complaint earned for their cleaning services is approximately $23.28 per hour. This is based upon the average weekly rate for each of the independent contractor cleaners for the period from December 5, 2018 to January 5, 2023. This rate does not take into account any applicable incentive pay that cleaners received for a cleaning job.

15. Based upon my review of the Company's data, there were approximately 24,804 days between December 5, 2018 and January 5, 2023 when independent contractor cleaners worked more than five (5) hours.

16. Based upon my review of the Company's data, there were approximately 56,321 days between December 5, 2018 and January 5, 2023 when independent contractor cleaners worked 3.5 hours or more.

17. Based upon my review of the Company's data, there were approximately 27,015 weeks where independent contractor cleaners performed cleaning jobs between December 5, 2021 and January 5, 2023. Assuming Plaintiffs' alleged penalty in the amount of $50 per pay period per independent contractor cleaner for the initial violation (*i.e.*, first week worked) and $100 per pay period per independent contractor cleaner for the subsequent violation (*i.e.*, each week worked after the first week worked), the amount Plaintiffs place at issue for their wage statement claims is approximately $2,430,950. This amount accounts for a maximum penalty amount of $4,000 per independent contractor cleaner such that no one individual was credited more than $4,000.

18. I reviewed the Company data regarding the addresses for independent contractor cleaners' homes that the independent contractor cleaners provided to the Company and the homes of third parties requesting cleaning services using the Platform from December 5, 2018 to January 5, 2023. I have also reviewed the Company data regarding the distance traveled for each cleaning job between an independent contractor cleaner's home and address where he/she provided the cleaning service. Based upon my review of the Company records and data, the average distance between an independent contractor cleaner's reported home address and the location address where the cleaning service was performed is approximately 13 miles, or approximately 26 miles round trip.

19. Moreover, based upon my review of the Company records and data, between December 5, 2018 and January 5, 2023, there was a total of approximately 20,298 months worked across all 5,715 individuals as independent contractor cleaners in California. Independent contractor cleaners may use their cell phones to

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA
94104
415.433.1940

5                                                                Case No.
XIAO WEI CHEN DECL. ISO DEFT HOMEAGLOW INC.'S NOTICE OF REMOVAL

access the Homeaglow Platform in the course of completing their job, which Plaintiffs allege is required in their Complaint at paragraphs 24 and 37.

20. In paragraph 69 of the Complaint, Plaintiffs allege that Homeaglow has a policy and practice of deducting a $5 per hour "advertising fee" from the cleaners' pay for "first-time clients." Based upon my review of the Company's data for the relevant period, when setting their hourly rate, independent contractor cleaners were informed on the Platform that a $5 per hour match fee would apply to the first job with third parties new to the cleaners on the Platform. From December 5, 2018 to April 20, 2022, the total match fee that Homeaglow applied as a result of the first job with California third parties new to the independent contractor cleaners is approximately $962,861. Since April 21, 2022, Homeaglow no longer applies a match fee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 10, 2023 at Austin, Texas.

*Xiao Wei Chen*
_____
XIAO WEI CHEN

4867-1966-6504.2 / 114736-1007

6   Case No. _____
XIAO WEI CHEN DECL. ISO DEFT HOMEAGLOW INC.'S NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
Attorneys at Law
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940