## TABLE OF CONTENTS – EXHIBIT A TO CHEN DECLARATION

| Exhibit | Page |
|---------|------|
| A | 8 |

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOMEAGLOW, INC., a Delaware corporation and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIE HOVIS, an individual; GENARO MENDOZA, an individual, on behalf of themselves and all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/05/2022** at 11:40:34 AM

Clerk of the Superior Court
By Katie Winburn, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego County Superior Court

Hall of Justice

330 West Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2022-00048618-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NICHOLAS & TOMASEVIC, 225 Broadway, 19th Floor, San Diego, CA 92101; (619) 325-0492

| DATE: 12/05/2022 *(Fecha)* | Clerk, by *(Secretario)* K. Winburn | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **HOMEAGLOW, INC., a Delaware corporation**

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Shaun Markley (SBN 291785)
Jordan Belcastro (SBN 339570)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org
Email: jbelcastro@nicholaslaw.org

Attorneys for Plaintiffs, MARIE HOVIS and GENARO MENDOZA
on behalf of themselves and all others similarly situated

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| MARIE HOVIS, an individual; GENARO MENDOZA, an individual, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> HOMEAGLOW, INC., a Delaware corporation and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 37-2022-00048618-CU-OE-CTL <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> **(1) FAILURE TO REIMBURSE EXPE [LAB. CODE, § 2802];** <br><br> **(2) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS [LAB. CODE, § 226];** <br><br> **(3) FAILURE TO PAY OVERTIME [LAB. CODE, § 510];** <br><br> **(4) FAILURE TO PROVIDE MEAL PERIODS [LAB. CODE, § 226.7];** <br><br> **(5) FAILURE TO PROVIDE REST BREAKS [LAB. CODE, § 226.7];** <br><br> **(6) FAILURE TO PAY CONTRACTUAL WAGES [LAB. CODE, § 223];** <br><br> **(7) COERCED PATRONAGE [LAB. CODE, § 450];** <br><br> **(8) UNLAWFUL DEDUCTION FROM WAGES, *IN THE ALTERNATIVE* [ CODE, § 221];** <br><br> **(9) BREACH OF CONTRACT, *IN THE ALTERNATIVE*;** <br><br> **(10) UNFAIR BUSINESS PRACTICES [BUS. & PROF. CODE, § 17200 ET SEQ.].** <br><br> **DEMAND FOR JURY TRIAL** |

1    MARIE HOVIS and GENARO MENDOZA ("Plaintiffs"), on behalf of themselves and all

2 others similarly situated, bring this action against Defendant HOMEAGLOW, INC.

3 stock corporation ("Homeaglow" or "Defendant"), and DOES 1 through 100, inclusive, and alleges

4 on information and belief as follows:

5                                   **INTRODUCTION**

6        1.      Defendant Homeaglow is an on-demand cleaning services company. To carry out

7 the cleaning obligations owed to its customers, Homeaglow obtains the services of "Cleaners" like

8 Plaintiffs and the putative Class Members who service Homeaglow customers. Under the

9 management and control of Homeaglow, these Cleaners travel to Homeaglow's customers to

10 perform jobs, including but not limited to, residential and business cleaning, all in accordance with

11 Homeaglow's business practices and policies.

12       2.      Cleaners are a core component of the on-demand cleaning services company

13 operated by Homeaglow. They are also heavily controlled by Homeaglow in carrying out

14 work. Yet, Homeaglow claims they are not employees and instead "independent contractors."

15       3.      By refusing to recognize its Cleaners as employees, Homeaglow cheats these

16 individuals out of protections provided by California labor laws such as minimum wages, overtime

17 pay, and reimbursement of business expenses. Homeaglow's misclassification of Cleaners also robs

18 the State of important employee tax revenue and gives Homeaglow an undue advantage over law-

19 abiding competitors who bear the necessary expenses associated with employing similar workers.

20       4.      This Class Action seeks recovery on behalf of Plaintiffs and other similarly situated

21 Cleaners in California for violations of California's Labor Code and Industrial Welfare Commission

22 Wage Orders ("Wage Orders") along with violations of California's Unfair Competition Law

23 predicated upon violations of California's Labor Code and the Wage Orders.

24                               **JURISDICTION & VENUE**

25       5.      This Court has subject matter jurisdiction to hear this case because the damages and

26 penalties sought herein resulting from Defendant's conduct exceeds the jurisdictional minimum of

27 this Superior Court.

28

Case 3:23-cv-00045-BTM-WVG   Document 1-4   Filed 01/10/23   PageID.38   Page 6 of 28

6. Venue is proper pursuant to Code of Civil Procedure, sections 395 and 395.5, among other sections. Plaintiff Mendoza and other Class Members performed cleaning services denied wages in this County. Furthermore, the obligation to comply with the Labor Code for the group of workers relevant to this case and the resulting liability for misclassifying and denying Labor Code/Wage Order benefits to those workers arose in this County, among others.

**PARTIES**

7. Ms. Hovis is and at all relevant times was a resident of California. She currently works as a Cleaner for Defendant.

8. Mr. Mendoza is and at all relevant times was a resident of California. He currently works as a Cleaner for Defendant.

9. Homeaglow, Inc. is a Delaware stock corporation with a principal business address at 600 Congress Ave., Floor 14, Austin, TX 78701.

10. Plaintiffs do not know the true names and/or capacities, whether individual or corporate, of Defendants sued herein as DOES 1 through 100, inclusive, and for that reason sue said Defendants under fictitious names. Plaintiffs will seek leave to amend this Complaint when the true names and capacities of these Defendants have been ascertained. Plaintiffs are informed and believe and thereon allege that these Defendants are responsible in whole or in part for Plaintiffs' alleged damages.

11. At all times mentioned, Defendants were the agents, alter egos, servants, joint venturers, joint employers, or employees for each other. Defendants acted with the consent of the other Co-Defendants and acted within the course, purpose, and scope of their agency, service, or employment. All conduct was ratified by Defendants, and each of them.

**GENERAL ALLEGATIONS**

**A.    Homeaglow's Business Model**

12. Homeaglow operates an on-demand cleaning service. Homeaglow holds out to the public that it offers "5-Star House Cleaning At Affordable Prices." https://www.homeaglow.com. Homeaglow tells its customers they may "[i]nstantly book the perfect cleaner for [their] home" through Homeaglow. *Id.* Homeaglow also offers business and industrial cleaning services.

3
CLASS ACTION COMPLAINT                                    Page 012

13.     Homeaglow maintains a network of thousands of background-checked Cleaners, like Plaintiffs and the Class Members, nation-wide. *See* https://www.homeaglow.com locations. Homeaglow clients pick a date and time for their cleaning, then choose an available Home Cleaner. *See* https://www.homeaglow.com/. Cleaners have the option to claim the job if selected by the Homeaglow customer. Cleaners then travel to the client's location to perform jobs, including but not limited to, residential and business cleaning. *Id.*

14.     Homeaglow estimates the costs to customers for their proposed cleaning jobs. It does so based on the number of hours it believes it will take the Cleaner to complete the work. The customer then bids on the estimated cleaning costs that it could pay to various Cleaners on the application and makes its selection. The Cleaner is then offered the choice to accept the project at the price quoted or reject it. The Cleaner reasonably expects the rate offered to complete the job. But there are instances when a job takes longer and the Cleaner needs to request additional payments to finish the job. And there are other instances when the Cleaner does the assigned work, but quicker than expected, in which case the customer may or may not ask for a refund based on time worked compared with the estimated hours for the job they bid on. In this case, Cleaners may need to return money they were paid for a quick job from later money they earned on other jobs.

15.     Needing to satisfy its customers and provide the services they want, Homeaglow retains and exercises a great deal of control over its Cleaner workforce. For example, Homeaglow provides Cleaners' job site information and issues written policies and procedures for Cleaners' performance of work and conduct in the workplace. Further, Homeaglow monitors its Cleaners' performance ratings and deactivates their accounts should they fall below the minimum average review rating. Homeaglow also controls how, when, and the extent to which Cleaners can contact customers.

**B.      Homeaglow Misclassified Cleaners**

16.     Integral to Homeaglow's on-demand cleaning business, Homeaglow uses labor of Cleaners, like Plaintiffs and the Class they seek to represent, to perform cleaning services for Homeaglow's third-party customers. Homeaglow labels Cleaners as "independent contractors." In short, these Cleaners perform a central part of Homeaglow's on-demand cleaning business: the

1  cleaning services for Homeaglow customers. The work of Cleaners is necessary to Homeaglow's

2  on-demand cleaning business and is continuously performed for Homeaglow. Further, Homeaglow

3  holds itself out as a cleaning services company. Cleaning Professionals, i.e., Cleaners, are an

4  an essential component of Homeaglow's business model.

5     17.    Homeaglow strictly controls and regulates its Cleaners. Cleaners must follow the

6  terms of Homeaglow's onerous Contracting Agreement ("Agreement"), along with other written

7  instructions from Homeaglow. Under these operating requirements and standards, Homeaglow

8  exerts control and direction on Cleaners in connection with the performance of their cleaning

9  services, both in contract and in fact. This control and direction includes, but is not limited to, the

10  following:

11        a.    Homeaglow performs a background-check on its Cleaners. However,

12              Homeaglow does not perform a background-check on customers utilizing its

13              cleaning services.

14        b.    Homeaglow provides its Cleaners requirements for their specific job.

15        c.    Homeaglow issues mandatory policies and procedures regarding Cleaners

16              work performance and conduct.

17        d.    Cleaners must abide by Homeaglow's Last Minute Cancelation Policy.

18              Cleaners are paid a flat rate of $20 for a client's last-minute cancellation. In

19              the case of a lockout, Cleaners must give the client at least 3 calls with at least

20              10-minute intervals, wait at least 30 minutes past the job's start time, and

21              upload a selfie photo in front of the client's home.

22        e.    Cleaners must use their assigned Homeaglow phone number, or risk

23              termination of their accounts.

24        f.    Homeaglow may assign a Cleaner's future booking to a different Cleaner, and

25              has done so to the Class including Plaintiff Hovis.

26        g.    Cleaners are generally prohibited from contacting Homeaglow's customers.

27              For instance, if a Cleaner's future booking is cancelled and reassigned, the

28              Cleaner is unable to contact the customer to determine the cause.

     h.     For first-time clients, Homeaglow deducts $5 per hour of Cleaners' earning as an "advertising fee."

     i.     On occasion, Homeaglow deducts Cleaners' earnings when they finish faster than the booked period. For example, if a Cleaner accepts a job at 4 hours, but finishes the job in 2.5 hours, Homeaglow can, and frequently does, deduct 1.5 hours from the Cleaner's pay or from the Cleaner's next paycheck.

18.     Homeaglow requires Cleaners to keep their profiles in "good standing" or risk having their accounts terminated. A Cleaner's account is automatically deactivated if they cancel any of their first 3 jobs or their "keep rate" falls below 70%. A "keep rate" is the percentage of the last 20 claims that the Cleaner did not cancel.

19.     Homeaglow will deactivate the account of a Cleaner whose average client performance rating falls below the minimum average. Homeaglow states it will notify and work with Cleaners whose rating drops below the minimum. Cleaners may appeal for reactivation if they can provide proof of the steps they have taken to improve, for example, by reaching out to the client to make things right.

20.     Homeaglow will deactivate the account of any Cleaner associated with fraudulent activity or use of a non-Homeaglow phone number.

21.     Homeaglow will deactivate the account of any Cleaner who does not pass their background check.

22.     When a Cleaner's account is deactivated, the Cleaner must pay Homeaglow a fee to have their account reactivated.

23.     Cleaners are prohibited from assigning their responsibilities, duties and obligations (or any portion thereof) as set forth in the Agreement to any party without the prior written approval of Homeaglow in each instance.

**C.**     **Homeaglow's Failure to Reimburse**

24.     By policy and practice, Homeaglow does not reimburse Cleaners for necessary business expenses. These expenses include automobile-related expenses such as fuel, possible

1  insurance, maintenance, and repairs. Defendant also does not reimburse Cleaners for cell phone and

2  related data expenses despite requiring them to use a cell phone in the course of completing their

3  work. Further, Cleaners are required to provide their own personal equipment and supplies need

4  to perform the essential job cleaning duties, which also go unreimbursed.

5      **D.    Homeaglow's Failure to Comply with Other California Wage and Hour Laws**

6      25.    As explained further below, as a result of its unlawful misclassification, Homeaglow

7  fails to provide Cleaners overtime pay, fails to make meal and rest breaks available to Cleaners, fails

8  to pay Cleaners separately for rest periods even if taken, fails to provide Cleaners compliant wage

9  statements in violation of California law, fails to pay Cleaners their contractual wages, and coerces

10  Cleaners' patronage.

11                          **CLASS ALLEGATIONS**

12      26.    Pursuant to Code of Civil Procedure, section 382, Plaintiffs bring this lawsuit as a

13  class action on behalf of themselves and all other similarly situated members of the Class, defined

14  below. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy,

15  predominance, and superiority requirements of class actions.

16      27.    **Class Period.** The Class Period shall be defined as: from four years preceding the

17  date that the first Complaint in this action is filed, until the full resolution of this action, plus any

18  time that may be attributed to equitable or other forms of tolling.

19      28.    Plaintiffs seek to represent the following Class of persons:

20          a.    All individuals during the Class Period who personally performed cleaning

21              services for Homeaglow, i.e., a "Cleaner," in California and who were not

22              classified as employees (the "Class").

23          b.    This Class does not include Defendant, its officers, and/or its directors, the

24              Judge to whom this case is assigned; or the Judge's immediate family or staff.

25      29.    Plaintiffs reserve the right to amend the above Class and to add additional classes and

26  subclasses as appropriate based on investigation, discovery, and the specific theories of liability

27  among other reasons.

28

30. **Numerosity.** The potential members of the Class as defined are so numerous that joinder of all the members is impracticable. While the precise number of the members of the Class has not been determined, Plaintiffs are informed and believe that there are thousands of individuals meeting the Class definition. Defendant has access to data sufficient to identify the members of Class since they all perform work via the same mobile application and cannot outsource their work without Homeaglow's permission.

31. **Adequacy of Representation.** The named Plaintiffs are fully prepared to take all necessary steps to fairly and adequately represent the interests of the Class defined above. Plaintiffs' attorneys are ready, willing, and able to fully and adequately represent the Class and Plaintiffs. Plaintiffs' attorneys are highly experienced in employment Class action litigation. Plaintiffs intend to prosecute this action vigorously.

32. **Common Questions of Law and Fact.** There are predominant common questions and answers of law and fact and a community of interest amongst Plaintiffs and the claims of the Class as follows:

    a.    Class:

        i.    Whether Defendant misclassified Cleaners as "independent contractors" instead of employees (e.g., whether Homeaglow can meet its burden to meet each Prong of California's ABC test and or its *Borello* test for employment status);

        ii.    Whether Defendant failed to reimburse Cleaners for reasonable business expenses;

        iii.    Whether Defendant properly provided meal and rest breaks to Cleaners;

        iv.    Whether Defendant compensated Cleaners separately for rest breaks;

        v.    Whether Defendant failed to properly pay Cleaners overtime;

        vi.    Whether Defendant failed to pay Cleaners their contractual wage;

        vii.    Whether Defendant compelled Cleaners' patronage;

        viii.    Whether Defendant made unlawful deductions from Cleaners' wages;

ix.    Whether Defendant breached its contract with Cleaners; and

x.    Whether Defendant engaged in an unlawful, unfair, and/or fraudulent business practice or act in violation of Business and Professions Code section 17200 *et. seq.* as it relates to Cleaners.

33.    **Typicality.** Plaintiffs' claims are typical of the claims of all members of the Class because Defendant applied and continues to apply its illegal classification and pay practices to all Cleaners.

34.    **Superiority of a Class Action.** A Class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the Class is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery due to Defendant's conduct described in this Complaint. A Class action will allow those similarly situated to litigate their claims in the most efficient and economical manner to the parties and the judiciary. Plaintiffs are unaware of any difficulties likely to be encountered in this action that would preclude its maintenance as a Class action.

<u>**CAUSES OF ACTION**</u>

<u>**FIRST CAUSE OF ACTION**</u>
**Failure to Reimburse Expenses—Lab. Code, § 2802 and IWC Wage Orders**

35.    Plaintiffs incorporate by reference every allegation contained above.

36.    Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

37.    Cleaners necessarily incur many types of expenses that Defendant does not reimburse. These expenses include automobile-related expenses such as fuel, permits, insurance, maintenance, and repairs. Defendant also does not reimburse Cleaners for cell phone and related data expenses despite requiring them to use a cell phone in the course of completing their work. Further, Cleaners are required to provide their own personal equipment and supplies needed to perform the essential job cleaning duties, which also go unreimbursed.

38.     As alleged above, Plaintiffs and the Class incurred business expenses while performing necessary work for Defendant. They were never reimbursed because they were uniformly misclassified as independent contractors.

39.     The California Labor Code, section 2802, and applicable California Wage Orders require that employers reimburse employees for business expenses reasonably incurred and failed to do so.

40.     Plaintiffs and the Class have been damaged by Defendant's failures in this respect in an amount to be proven at trial.

41.     Plaintiffs and the Class are entitled to recover their damages, penalties, interest, costs, and attorneys' fees based on Defendant's violations.

## SECOND CAUSE OF ACTION
### Failure to Provide Accurate Wage Statements—Lab. Code, § 226 and Wage Orders

42.     Plaintiffs incorporate by reference every allegation contained above.

43.     Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

44.     The purpose of Labor Code section 226 is to ensure that employees can determine whether they are being paid their wages in accordance with California law. Under Section 226(h), "[a]n employee may also bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorney's fees."

45.     Defendant violated the above statute by, among other things, failing to provide accurate gross and net wages earned and hours worked on a paystub to Cleaners.

46.     Defendant's violations of section 226 and applicable Wage Orders are ongoing and will continue until and unless this Court enters an injunction barring such violations. Therefore, Plaintiffs seek damages and injunctive relief pursuant to Labor Code, section 226, subsections (e) and (g), along with penalties for past violations, including attorneys' fees and costs incurred.

## THIRD CAUSE OF ACTION
### Failure to Provide Overtime—Lab. Code, § 510 and Wage Orders

47.     Plaintiffs incorporate by reference every allegation contained above.

48.     Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

49.     Labor Code, section 510, and applicable Wage Orders require overtime pay of at least 1.5 times an employee's regular rate of pay for all hours worked over 8 in a day or 40 in a week.

50.     Cleaners, including Plaintiffs, work well over 8 hours per day and well over 40 per week in line with Defendant's expectations and standards as necessary to complete the work assigned to them. Despite this, they receive no overtime pay in violation of California law.

51.     Defendant is liable to Plaintiffs and the Class for unpaid overtime, interest, reasonable attorneys' fees and costs, and any related statutory penalties.

## FOURTH CAUSE OF ACTION
### Failure to Provide Meal Periods—Lab. Code § 226.7 and Wage Orders

52.     Plaintiffs incorporate by reference every allegation contained above.

53.     Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

54.     Under Labor Code, sections 226.7 and 512, as well as applicable IWC Wage Orders, employers must provide a 30-minute uninterrupted, off-duty meal period for each work shift of more than 5 hours. Depending on hours worked, a second meal period may be owed as well. Where an adequate meal period is not provided, employees are entitled to one hour's compensation at their regular rate of pay.

55.     Defendant has no meal or rest policies and they do not record when breaks start or stop. Nor does Defendant provide for uninterrupted meal periods for Cleaners or make any effort to relieve them of all duties.

56.     Defendant does not pay premium wages in lieu of these breaks as required by law. And Cleaners have not otherwise waived their entitlement to meal breaks.

57.     As a proximate result of Defendant's unlawful conduct, Plaintiffs and the Class sustained damages and are entitled to recover unpaid wages, liquidated damages, interest, applicable penalties, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION
### Failure to Provide Rest Breaks—Lab. Code, § 226.7 and Wage Orders

58.     Plaintiffs incorporate by reference every allegation contained above.

59.     Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

60.     Pursuant to Labor Code, section 226.7 and 226.2, as well as applicable Wage Orders, employers must provide a 10-minute uninterrupted, off-duty rest break for each work shift of 3.5 hours or more.  During these periods, an employer must relieve the employee of all duties and relinquish all control over how an employee spends their time. Such rest breaks are to be paid. Where a rest break is not provided, employees are entitled to one hour's compensation at their regular rate of pay.

61.     Defendant failed to provide for rest breaks or pay Cleaners for rest breaks if taken. Defendant also failed to pay compensation in lieu of these paid breaks.

62.     As a proximate result of Defendant's unlawful conduct, Plaintiffs and the Class sustained damages and are entitled to recover unpaid wages, liquidated damages, interest, applicable penalties, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION
### Failure to Pay Contractual Wages—Lab. Code, § 223 and Wage Orders

63.     Plaintiffs incorporate by reference every allegation contained above.

64.     Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

65.     Pursuant to Labor Code, section 223 and applicable Wage Orders, "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract." In other words, "Labor Code section 223 prohibits the underpayment of wages established by contract." *Oman v. Delta Air Lines, Inc.* (2020) 9 Cal.5th 762, 780. Even if the underpayment of contractual wages "nominally might be thought to satisfy the requirement to pay at least minimum

1  wage for each hour worked, it does so only at the expense of reneging on the employer's contractual

2  commitments, in violation of the contract protection provisions of the Labor Code." *Id.* at 781.

3      66.    For example, employers have been found to violate Labor Code, section 223 where

4  they promise to compensate particular hours worked at a particular rate then borrow some of that

5  compensation and apply it to other compensable hours for which no compensation is provided. See

6  *Armenta v. Osmose, Inc.* (Cal. App. 2d Dist. 2005) 135 Cal.App.4th 314, 317. This practice "would

7  effectively compel an employee to sacrifice contractually promised compensation and breach the

8  employer's contractual commitments, in violation of … Labor Code section 223 (governing ordinary

9  contracts)." *Oman, supra*, 9 Cal.5th at 781.

10      67.    An employer's obligation to pay contractual wages applies without regard to whether

11  the basis for compensation is hourly (see *Sheppard v. North Orange County Regional Occupational*

12  *Program* (Cal. App. 4th Dist. 2010) 191 Cal.App.4th 289, 297–298, fn. 5) or by piece-rate (see

13  *Bluford v. Safeway Inc.* (Cal. App. 3d Dist. 2013) 216 Cal.App.4th 864, 872).

14      68.    Defendant was required to compensate Plaintiffs and the Class for all hours worked

15  and all pay promised pursuant to Labor Code, section 223 and the applicable Wage Orders.

16      69.    As described above, Cleaners are entitled to the compensation they contract for when

17  claiming a cleaning job. Homeaglow's policies and practices of deducting a $5 per hour "advertising

18  fee" from Cleaners' wages for first-time clients and deducting compensation when Cleaners

19  complete their job early results in Cleaners not receiving the wages to which they are contractually

20  entitled. In making these deductions, Homeaglow underpays Cleaners' wages established by

21  contract and violates Labor Code, section 223 and applicable Wage Orders.

22      70.    As a proximate result of Defendant's unlawful conduct, Plaintiffs and the Class

23  sustained damages and are entitled to recover unpaid wages, liquidated damages, interest, applicable

24  penalties, attorneys' fees, and costs.

25  **SEVENTH CAUSE OF ACTION**
**Coerced Patronage—Lab. Code, § 450 and Wage Orders**

26

27      71.    Plaintiffs incorporate by reference every allegation contained above.

28

72. Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

73. Pursuant to Labor Code, section 450, "No employer, or agent or officer thereof, or other person, may compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of any thing of value." Employers requiring the payment of a fee for an individual to apply for employment is explicitly prohibited [Labor] Code, section 450(b).

74. Described above, Homeaglow requires Cleaners to pay it a fee in order to reactivate their accounts in the event of a deactivation. This practice constitutes coerced patronage and is analogous to requiring Cleaners to pay a pay a fee to apply for employment. As such, Homeaglow's conduct violates Labor Code, section 450 and applicable Wage Orders.

75. As a result, Plaintiffs and the Class are entitled to a return of the monies paid as well as interest that has accrued, reasonable attorney's fees, and costs.

## EIGHTH CAUSE OF ACTION
### *Plead in the alternative to Sixth and Seventh Causes of Action*
### Unlawful Deductions from Wages—Lab. Code, § 221 and Wage Orders

76. Plaintiffs incorporate by reference every allegation contained above.

77. Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

78. Plaintiffs plead this cause of action in the alternative to the above Sixth (Failure to Pay Contractual Wages) and Seventh (Coerced Patronage) Causes of Action.

79. Under Labor Code, section 221 it is "unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." This protection extends to deductions for mistakes in employees' work or other non-malicious conduct. Applicable California Wage Orders further provide that the only circumstances under which an employer can make a deduction from an employee's wages are due to cash shortage, breakage, or loss of equipment if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

80. Despite this, Defendant made and continues to make numerous deductions from the wages of its misclassified Cleaners. Defendant, for example, unlawfully deducts from Cleaners' wages for an "advertising fee", for jobs completed early, and for account reactivation fees.

81. Plaintiffs and the Class are entitled to recover their damages, penalties, interest, costs and attorneys' fees based on these violations.

## NINTH CAUSE OF ACTION
### *Plead in the alternative to Sixth Cause of Action*
### Breach of Contract—Failure to Pay Promised Wages

82. Plaintiffs incorporate by reference every allegation contained above.

83. Plaintiffs bring this cause of action as a Class action on behalf of themselves and the Class.

84. Plaintiffs plead this cause of action in the alternative to the above Sixth Cause of Action (Failure to Pay Contractual Wages).

85. "The compensation owed to employees is a matter determined primarily by contract." *Oman, supra*, 9 Cal.5th at 781. When a worker accepts employment at a promised wage, the worker and employer have entered into a binding agreement. See *Foley v. Interactive Data Corp.*, (1988) 47 Cal.3d 654, 696 ("[T]he employment relationship is fundamentally contractual …."). Employees may obtain their full, contractual wage by suing for breach of their employment contract. *See Sanchez v. Sams W., Inc.*, 2:21-CV-05122-SVW-JC, 2022 WL 2035961, at *3 (C.D. Cal. Mar. 9, 2022) ("If an employee's contract provides for a $15 wage for each hour worked — and if the unpaid wait time does indeed constitute time worked—then that employee could obtain their full contractual $15 wage in legal damages on a contract claim ….").

86. Homeaglow customers bid on the estimated cleaning costs they could pay Cleaners to perform the requested work. Cleaners are offered the choice to accept the job at the quoted price or reject the work. Once a job is claimed, Cleaners enter into a binding agreement at the promised quoted wage. Homeaglow's policy and practice to deduct from Cleaners' contractual wages for advertising fees and early completion results in Cleaners receiving less than the wages they are promised. By not paying Cleaners' their promised wages, Homeaglow breaches its contract with its Cleaners.

87.     As a result, Plaintiffs and the Class are entitled to unpaid wages, interest, costs, and attorneys' fees based on Defendant's breach of contract.

## **TENTH CAUSE OF ACTION**
### Unfair Business Practices—Bus. & Prof. Code, § 17200 et seq.

88.     Plaintiffs incorporate by reference every allegation contained above.

89.     Defendant knowingly and willfully engaged in the unlawful practices described above, which include but are not limited to:

a.     Intentionally misclassifying its employee Cleaners as independent contractors;"

b.     Imposing unreimbursed business expenses on misclassified employees in violation of Labor Code, section 2802;

c.     Failing to pay overtime to Cleaner employees;

d.     Failing to pay Cleaners for each hour worked;

e.     Failing to provide adequate meal and rest breaks to Cleaners;

f.     Failing to pay contractual wages to Cleaner employees in violation of Labor Code, section 223;

g.     Coercing Cleaners to patronage Defendant in violation of Labor Code, section 450;

h.     In the alternative, unlawfully deducting from Cleaners' earned wages;

i.     In the alternative, breaching its contract with Cleaners by failing to pay promised wages; and

j.     Failing to provide accurate pay statements to Cleaners in violation of Labor Code section 226.

90.     Defendant intended to, and did, profit from these illegal acts.

91.     As a direct and proximate result of the above, Plaintiffs and the Class Members have lost money or property, thereby entitling these individuals to restitution.

92.     Pursuant to the Business and Professions Code, Plaintiff and the Class Members are entitled to restitution of money or property acquired by Defendant by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

93.     Pursuant to the Business and Professions Code, the Class and the public are also entitled to injunctive relief against Homeaglow's ongoing continuation of such unlawful business practices, including public injunctive relief. Plaintiffs seek such public injunctive relief here prohibiting Defendant from continuing its illegal practice of misclassifying Cleaners, including Plaintiffs, and denying them of important wage laws.

94.     If Defendant is not enjoined from engaging in the unlawful business practices described above, Plaintiffs, Class members, and the public will be irreparably injured. The extent, nature, and amount of such injury is difficult to ascertain now.

95.     The Class, including Plaintiffs, have no plain, speedy, and adequate remedy at law.

96.     Defendant will continue to engage in the unlawful business practices described above in violation of the Business and Professions Code, in derogation of the rights of Plaintiffs, the Class, and of the public, if not enjoined by this Court.

97.     The success of Plaintiffs in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the public.

98.     Private enforcement of these rights is necessary as no public agency has pursued enforcement. There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action. Plaintiffs are therefore entitled to an award of attorneys' fees and costs of suit under the "common fund," "substantial benefit," and other important doctrines.

## PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendant, as follows:

1.     For an order certifying the Class as described herein, appointing Plaintiffs as Class representatives, and their counsel as Class counsel;

2.     For compensatory damages according to proof;

3.     For enhanced damages, liquidated damages, and penalties as permitted under prevailing law;

4.     For pre-judgment and post-judgment interest where allowable;

5.     For costs of suit;

6.    For injunctive relief, including public injunctive relief, as described herein;

7.    For restitution as described herein;

8.    For punitive damages, where appropriate;

9.    For available contract remedies, where appropriate;

10.   For reasonable attorneys' fees and costs; and

11.   For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted:
Dated: December 5, 2022

NICHOLAS & TOMASEVIC, LLP

By:

Craig M. Nicholas (SBN 178444)
Shaun Markley (SBN 291785)
Jordan Belcastro (SBN 339570)
225 Broadway, 19th Floor
San Diego, CA 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org
Email: jbelcastro@nicholaslaw.org

Attorneys for Plaintiffs

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Craig M. Nicholas (SBN 178444); Shaun Markley (SBN 291785)
NICHOLAS & TOMASEVIC, LLP, 225 Broadway, 19th Floor, San Diego, CA 92101

TELEPHONE NO.: (619) 325-0492    FAX NO. *(Optional):*
E-MAIL ADDRESS: cnicholas@nicholaslaw.org; smarkley@nicholaslaw.org
ATTORNEY FOR *(Name):* Plaintifs MARIE HOVIS and GENARO MENDOZA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Hovis, et al. v. Homeaglow, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/05/2022** at 11:48:34 AM

Clerk of the Superior Court
By Katie Winburn, Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER 37-2022-00048618-CU-OE-CTL |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE Judge Ronald F. Frazier | |
| | | | DEPT. | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* (10): Violations of Cal. Lab. Code, Bus. & Prof. Code.
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 5, 2022

Shaun Markley (SBN 291785)
_____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 028

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403
Cal. Standards of Judicial Administration

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Page 029

For your protection and privacy, please press the Clear

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:     330 W Broadway
MAILING ADDRESS:    330 W Broadway
CITY AND ZIP CODE:  San Diego, CA 92101-3827
DIVISION:           Central
TELEPHONE NUMBER:   (619) 450-7065

PLAINTIFF(S) / PETITIONER(S):     Marie Hovis et.al.

DEFENDANT(S) / RESPONDENT(S):  HOMEAGLOW INC

HOVIS VS HOMEAGLOW INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00048618-CU-OE-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Ronald F. Frazier                                    Department: C-65

## COMPLAINT/PETITION FILED: 12/05/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/02/2023 | 11:15 am | C-65 | Ronald F. Frazier |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9, Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days of filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

---

SDSC CIV-721 (Rev. 04-21)      **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**      Page: 1

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code section 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2022-00048618-CU-OE-CTL      CASE TITLE: Hovis vs HOMEAGLOW INC [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this **Alternative Dispute Resolution (ADR) Information** form (SDSC form #CIV-730),
> (2) the **Stipulation to Use Alternative Dispute Resolution (ADR)** form (SDSC form #CIV-359), and
> (3) the **Notice of Case Assignment** form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | *FOR COURT USE ONLY* |

STREET ADDRESS:       330 West Broadway

MAILING ADDRESS:      330 West Broadway

CITY, STATE, & ZIP CODE:  San Diego, CA  92101-3827

BRANCH NAME:          Central

PLAINTIFF(S):    Marie Hovis et.al.

DEFENDANT(S): HOMEAGLOW INC

SHORT TITLE:    HOVIS VS HOMEAGLOW INC [IMAGED]

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2022-00048618-CU-OE-CTL |
|---|---|

Judge: Ronald F. Frazier                                      Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)       ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                    ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                Date: _____

_____        _____
Name of Plaintiff                                Name of Defendant

_____        _____
Signature                                        Signature

_____        _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____        _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  12/06/2022

_____
                                            JUDGE OF THE SUPERIOR COURT