# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE HOVIS, an individual; GENARO MENDOZA, an individual, on behalf of themselves and all others similarly situated<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>HOMEAGLOW, INC., a Delaware corporation, and DOES 1 through 100,<br>　　　　　　Defendants. | Case No.: 3:23-cv-00045-BTM-WVG<br><br>**ORDER TO COMPEL ARBITRATION, STAY PROCEEDINGS AND GRANTING MOTION TO DISMISS** |

Defendant Homeaglow, Inc., ("Defendant") has filed a motion to compel arbitration, stay court proceedings pending arbitration and dismiss class claims. For the reasons set forth herein, the Court **GRANTS** the motion.

## I.  BACKGROUND

Plaintiffs Marie Hovis ("Hovis") and Genaro Mendoza ("Mendoza") have filed a Class Action Complaint against Defendant, Homeaglow Inc., a cleaning service application. Plaintiffs were required to register and create a profile on the Defendant's application, which involved completing nine steps. ECF No. 17, at 2. To finalize their account, the Plaintiffs had to sign a "take-it-or-leave-it Contractor Agreement," that included a "Binding Arbitration Provision" ("BAP"). *Id.*

The BAP in the Contractor Agreement provided by the Defendant sets forth the circumstances under which parties must arbitrate as a single claimant in case of a dispute. ECF Nos. 11, Ex. C, at 6-7.  In November 2020, Plaintiff Hovis created an account with Homeaglow and accepted the Contractor Agreement one minute after finalizing her account.  ECF No. 17, at 4.   Furthermore, Hovis accepted amended versions of the Contractor Agreements in April 2022 and August 2022. *Id.* In August 2021, Plaintiff Mendoza created an account with the Defendant and also accepted the Contractor Agreement in April 2022 one minute after finalizing his account. *Id.*  Additionally, Mendoza accepted the updated version of the Contractor Agreement in August 2022. *Id.*   The Defendant seeks to enforce the updated Contractor Agreement from August 2022 as it is the most recent version, and both Plaintiffs have accepted it. *Id.* at 3. That provision provides:

> **Binding Arbitration Provision**: The parties recognize that disputes may arise between the Service Provider and Homeaglow or their related parties, and that those disputes may or may not be related to the Service Provider's services under this Agreement. In order to gain the benefits of a speedy, less formal, impartial, final and binding procedure to resolve such disputes, all such disputes will be resolved by means of binding arbitration as set forth below.

ECF No. 11, Ex. C, at 6.

The Plaintiffs' Complaint asserts the following causes of action against Defendant: (1) Failure to Reimburse Expenses [Lab. Code, § 2802]; (2) Failure to Provide Accurate Wage Statements [Lab. Code, § 226]; (3) Failure to Pay Overtime [Lab. Code, § 510]; (4) Failure to Provide Meal Periods [Lab. Code, § 226.7]; (5) Failure to Provide Rest Breaks [Lab. Code, § 226.7]; (6) Failure to Pay Contractual Wages [Lab. Code, § 223]; (7) Coerced Patronage [Lab. Code, § 450]; (8) Unlawful Deduction from Wages, in the Alternative [Lab. Code, § 221]; (9) Breach of Contract, in the Alternative; and (10) Unfair Business Practices [Bus. & Prof. Code, §·17200 et. seq.].

On March 10, 2023, the Defendant filed a motion to compel arbitration and dismiss class claims. ECF No. 20, at 1.

The Defendant argues that the issue of the validity and enforceability of the BAP has been delegated to the arbitrator as agreed to by the parties (ECF No. 11, Ex. C, at 6), and therefore, the Court should not decide whether the BAP is binding on the Plaintiffs and enforceable. The delegation provision provides:

> Except as specifically set forth in this Arbitration Provision, only an arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute arising out of or relating to the interpretation, applicability, validity, breach, enforceability, or formation of this Arbitration Provision, including without limitation any claim that all or part of this Arbitration Provision is void or voidable. An arbitrator shall also have exclusive authority to resolve all threshold arbitrability issues.

ECF No. 11, Ex. C, at 7.

The delegation is binding and effective only if Plaintiffs are bound to it and it is legally effective. *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010). Therefore, the Court will examine those issues.

The Plaintiffs contend that the delegation provision is part of an unconscionable BAP. While the Court must focus on the validity of the delegation provision, Plaintiffs can rely on the other provisions to argue that the delegation is unconscionable. *Holley-Gallegly v. TA Operating, LLC*, ___F.4th___ No. 22-55950, at 9-10 (9th Cir. July 21, 2023).

## II.  LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA's purpose is to "ensur[e] that private arbitration agreements are enforced." *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1159 (9th Cir. 2013).  Grounds for declaring an

arbitration agreement unenforceable are determined by "ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Circuit City, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002). California has a strong public policy in favor of arbitration as an expeditious and cost-effective way of resolving disputes. *Mission Viejo Emergency Med. Associates v. Beta Healthcare Grp.,* 197 Cal. App. 4th 1146, 1153 (2011). Although public policy favors arbitration, courts will not compel arbitration where it was not agreed to. *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."); *Kemper v. Schardt*, 143 Cal. App. 3d 557, 559 (1983). Agreement, therefore, is a statutory prerequisite to the validation of an arbitration provision, and the movant must prove the existence of such agreement by a preponderance of the evidence. *See Rosenthal v. Great W. Fin. Sec. Corp.,* 14 Cal. 4th 394, 413 (1996). In California, an arbitration agreement may be either express or implied in fact. *Pinnacle Museum Tower Ass'n v. Pinnacle Mktg. Dev. (U.S.) LLC*, 55 Cal. 4th 223, 236 (2012).

### III. DISCUSSION

Defendant moves to compel arbitration pursuant to the contractual BAP. Plaintiffs oppose the motion, arguing (a) that no agreement was made to bind Plaintiffs to the BAP, and (b) that the BAP is unconscionable, rendering the arbitration agreement unenforceable.

A. **Plaintiffs are Bound by the Binding Arbitration Provision's Delegation**

In order to proceed with arbitration, the Court must decide "whether a valid agreement to arbitrate exists." *Norcia v. Samsung Telecommunications Am., LLC*,

845 F.3d 1279, 1238 (9th Cir. 2017).  Plaintiffs assert that there was not an agreement binding Plaintiffs to the BAP as "there must be 'clear and unmistakable' evidence that the parties agreed to delegate to the arbitrator." ECF No. 17, at 8. Additionally, Plaintiffs argue that the August 2022 Contract Agreement was lengthy as it was 26 pages with a 12-point font, and that the Arbitration Provision was not mentioned until page 18. *Id.* at 4.  Defendant asserts that there was mutual consent. Defendant provided the Court with the August 2022 Contract Agreement, including a class action waiver and description of relevant claims in the BAP.  *See* ECF No. 11, Ex. C, at 6-7.  Although the Contract Agreement was lengthy, this does not dismiss the fact that there was a BAP within the Agreement.  Plaintiffs accepted the Contract Agreement within one minute of creating their profiles and did not read over it.  Overall, Plaintiff Hovis encountered the Contractor Agreement three times, while Plaintiff Mendoza encountered it twice.  Specifically, Plaintiff Hovis did not even remember accepting a Contract Agreement with Defendant, which indicates that she did not have intent to read over the Agreement.  However, this does not mean a valid contract does not exist.  By accepting the agreement, Plaintiffs agreed to a class action waiver, and compelled arbitration including the delegation.  *See* ECF No. 11, at 14. The Court finds that there is a sufficient delegation in the BAP as it is clear and unmistakable.

        Additionally, Plaintiff Hovis claims that she never understood that arbitration was the exclusive process to resolve her claims.  Even if that is so, Plaintiff remains bound by the arbitration delegation clause because a mere misunderstanding or a failure to read the contract does not excuse a party from its terms. *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012) ("An arbitration clause within a contract may be binding on a party even if the party never actually read the clause."); *see also Bauer v. Jackson*, 15 Cal. App. 3d 358, 370 (1971) ("[W]hen a person with capacity of reading and understanding an instrument

signs it, he may not, in the absence of fraud, imposition or excusable neglect, avoid its terms on the ground he failed to read it before signing it.").

Based on the above, the Court finds that an agreement to delegate the issue of arbitration to the arbitrator existed between the parties. The arbitration delegation clause is therefore enforceable unless it is unconscionable.

### B.     Unconscionability

"Under California law, courts may refuse to enforce any contract found 'to have been unconscionable at the time it was made,' or may 'limit the application of any unconscionable clause.'" *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 340 (2011). An arbitration agreement is unenforceable if it is procedurally and substantively unconscionable. *See Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007). Courts use a sliding scale approach: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.* at 1072. *See also Armendariz v. Found. Health Psychcare Servs., Inc.,* 24 Cal. 4th 83, 114 (2000).

   1. *Procedural Unconscionability*

Plaintiffs argue that the BAP is a contract of adhesion that is procedurally unconscionable. Procedural unconscionability concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement. *Chavarria v. Ralphs Grocery Co.,* 733 F.3d 916, 922 (9th Cir. 2013). For oppression to be present, there must be an inequality of bargaining power that results in no real negotiation and "an absence of meaningful choice." *A & M Produce Co. v. FMC Corp.,* 135 Cal. App. 3d 473, 486 (1982). "An adhesion contract is a standardized contract which is imposed on a party of weaker bargaining strength on a take-it or leave-it basis." *Ontiveros v. DHL Express (USA), Inc.*, 164 Cal.App.4th 494, 502 (2008). *See also Antonelli v. Finish Line, Inc.,* No. 11-cv-03874, 2012 WL

1  525538 (N.D. Cal. 2012) (finding an arbitration agreement to be procedurally
2  unconscionable, noting, *inter alia*, that there is an element of surprise where an
3  employee had "no reasonable opportunity to read or review the DRP.").

4      Plaintiffs point out that the Defendant drafted the contract in its entirety, and
5  that the contract was presented to them on a "take it or leave it" basis and that signing
6  the acknowledgement form was a condition of their employment.  It's true that due
7  to these circumstances, the Plaintiffs had no bargaining power or opportunity to
8  negotiate the terms of their employment.  Additionally, Plaintiffs allege that the
9  arbitration provision was not adequately explained to Plaintiffs, but regardless,
10 Plaintiffs were not in an economic position to decline employment on the basis of
11 such a provision.  Furthermore, the Plaintiffs were never given the opportunity to
12 opt out of the arbitration provision.  These assertions evidence a high degree of
13 procedural unconscionability concerning the negotiation of and assent to the contract
14 under California law. *See O'Melveny & Myers*, 485 F.3d at 1075 (holding that where
15 an employee is facing an employer with overwhelming bargaining power that has
16 drafted an arbitration clause, and presented it to the employee on a take-it-or-leave-
17 it basis, the clause is procedurally unconscionable); *Martinez v. Master Prot. Corp.*,
18 118 Cal. App. 4th 107, 114 (2004) ("An arbitration agreement that is an essential
19 part of a "take it or leave it" employment condition, without more, is procedurally
20 unconscionable."); *Aral v. EarthLink, Inc.,* 134 Cal. App. 4th 544, 557 (2005)
21 (stating that there is "quintessential procedural unconscionability" where an
22 arbitration agreement is presented on a take-it-or-leave-it basis with no opportunity
23 to opt out); *Kanbar v. O'Melveny & Myers*, 849 F. Supp. 2d 902, 909 (N.D. Cal.
24 2011).

25     Therefore, based on the record and relevant precedents, the Court determines
26 that the BAP's delegation to the arbitrator to decide whether the BAP was binding
27 and enforceable was procedurally unconscionable given the circumstances here.
28

### 2. *Substantive Unconscionability*

A provision is substantively unconscionable if it involves terms that are "so one-sided as to 'shock the conscience,' or that impose harsh or oppressive terms." *Morris v. Redwood Empire Bancorp,* 128 Cal. App. 4th 1305, 1322 (2005). Substantively unconscionable terms may take various forms but may generally be described as unfairly one-sided. *Little v. Auto Stiegler, Inc.,* 29 Cal. 4th 1064, 1071 (2003). To be valid, at minimum the arbitration agreement must require a neutral arbitrator, adequate discovery, and a written decision sufficient to allow judicial review. *Wherry v. Award, Inc.,* 192 Cal. App. 4th 1242, 1248 (2011).

Plaintiffs argue that the BAP is substantively unconscionable due to various reasons, such as the reduction of their discovery rights, the shortening of relevant statutory periods, the waiver of a jury trial, the requirements to share the arbitrator's fees and the provision for single-claimant arbitration. However, the BAP actually supports the appointment of a neutral arbitrator, guarantees adequate discovery with opportunity to seek more, ensures a written award, does not limit the availability of statutory remedies, and the Defendant covers the payment of filing fees, as well as the fees and cost of the Arbitrator "provided, however, that if the Service Provider is the Claimant, the Service Provider will contribute an amount equal to the filing fee to initiate a claim in the court…". ECF No. 11, at 17. Defendant's BAP does not impose 'conscience shocking one-sided' and or harsh or oppressive terms. Unlike *Armendariz*, where their BAP was substantively unconscionable as it "requires only employees to arbitrate their wrongful termination claims against the employer but does not require the employer to arbitrate claims it may have against the employees." *Armendariz*, 24 Cal. 4th at 116.

Upon examination of the BAP's delegation provision, the Court agrees with the Defendant that it is not substantively unconscionable because there are not 'conscience shocking one-sided' and or harsh or oppressive terms. The Court finds

that the Plaintiffs have established procedural unconscionability but have failed to prove substantive unconscionability.  In order to contest the validity of the delegation, the Plaintiffs are required to establish both procedural and substantive unconscionability.  Thus, the Court holds that the BAP's delegation to the arbitrator of all issues relating to the enforceability of the BAP is valid and enforceable.

### C. Motion to Dismiss Class Action Claims

Arbitration agreements and class action waivers are required to be enforced under the FAA. *Epic Systems Corp. v. Lewis*, ___ U.S. ___, 138 S. Ct. 1612, 1632 (2018); *see Viking River Cruises, Inc. v. Moriana*, ___ U.S. ___, 142 S. Ct. 1906, 1922 (2022).  The August 2022 Agreement provides:

> **Single-Claimant Arbitration Only**: Homeaglow and Service Provider mutually agree that by entering into this Arbitration Provision, both waive their right to have any dispute or claim brought, heard or arbitrated as a class action, collective or representative action.

ECF No. 11, Ex. C, at 7.

Based on the language of the BAP, each claimant must bring their dispute individually against the Defendant. By accepting this agreement, the Plaintiffs consented to independently arbitrate their causes of action and thus cannot be class members.  Accordingly, the Court agrees with Defendant that the Plaintiffs cannot be class members.  Therefore, the Court dismisses the class action claims.

### IV. CONCLUSION

For the reasons discussed above, Defendant's motion to compel arbitration, stay proceedings and dismiss class claims is **GRANTED**.  The arbitration agreement's delegation to the arbitrator is valid. ECF No. 11, at 5.  The arbitrator will decide all matters delegated to them.  The Court stays this case until further notice.  The parties shall forthwith initiate further proceedings under the arbitration

clause.  Delays without good cause by the Plaintiffs will result in dismissal of this case.  Delays without good cause by Defendant will be deemed a waiver of arbitration proceedings under the contract.

The Court will hold a status conference on Thursday, January 4, 2024, at 2 P.M. in Courtroom 15B.  Either party may seek sanctions at any time prior to the status conference based on delay without good cause.

The Plaintiffs' request for judicial notice (ECF No. 17, at 4) is **DENIED**. See *Bebber v. Dignity Health*, 2022 WL 4080956, at 4 (E.D. Cal. Sep. 6, 2022); *Mitchell v. Tillet*, 715 Fed. Appx. 741, 742 n.1 (9th Cir. 2018).

The class action claims are dismissed without prejudice.

**IT IS SO ORDERED.**

Dated:  August 4, 2023

_____
Honorable Barry Ted Moskowitz
United States District Judge